United States District Court
Southern District of Florida

FILED by RAL D.C.
APR 0 1 2010
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

|  |  |
|---|---|
| Markus Hochuli, individually And On Behalf of All Others Similarly Situated,<br>       Plaintiff,<br><br>vs.<br><br>LEONARDO DELGADO, JAMES FOLAND, NICHOLAS SWISCHER, ROBERT DAVIS, and JULIO SAN JUAN,<br>       Defendants. | CIVIL ACTION NO.<br>1:09-cv-23225-Graham-Torres |

## MOTION TO DISMISS FOR LACK OF
## PROPER SERVICE AND JURISDICTION

  Defendant, Julio San Juan, submit the following in support of his motion to dismiss Plaintiff Markus Hochuli's complaint pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 41(b):

  On October 23, 2009, Plaintiff filed a Complaint in this court against Defendants, alleging causes of action for violation of the Graham-Torres Act. On or about March 1, 2010 this defendant was served more than 120 days after said date where no alias or new summons, or any order to timely extend service time periods under Fed. R. Civ. P. 4 was filed; nor had this court on March 1, 2010 granted the Motion for Enlargement of Time which plaintiff filed after February 20, 2010, the day the 120 day time period under Fed. R. Civ. R. 4 had expired. This Court's Enlargement of Time Order was not entered until March 8, 2010. This is 8 days after this Defendant was served. There has been no attempt to serve co-defendants James Foland, or Robert Davis. Only service on defendant Leonardo Delgado was made or attempted within the 120 day period after filing of this action. Defendant, Nicholas Swischer, and the defendant Julio San Juan were served after the 120 day period in Fed. R. Civ. P. 4 had expired without the court's granting plaintiffs Motion for Enlargement of Time when Defendant, Julio San Juan, was served on March 1, 2010. Defendant, Julio San Juan now files his motion to dismiss Plaintiffs Complaint based on Plaintiffs failure to serve a summons on Defendant in a timely manner and failure to prosecute this action.

Because Plaintiff has been so derelict in effecting service, Plaintiffs Complaint should be dismissed with prejudice. Indeed, Plaintiffs failure to serve this Defendant for more than 129 days after suit was filed signifies a failure to prosecute and justifies dismissal with prejudice. A motion to dismiss under Fed. R. Civ. P. 12(b)(5) is proper where there has been a failure to serve Defendants with a Summons and copy of the Complaint within the time proscribed by law. A failure to serve defendants within the established 120-day period may justify dismissal of the action pursuant to Fed. R. Civ. P. 12(b)(5). The dismissal may be made with prejudice where the Plaintiff has been "derelict" in effecting service by delaying service for a significant period of time, evidencing a failure to prosecute. *Caprio* v. *American Airlines, Inc.,* 848 F.Supp. 1528 (Fort Myers Div. 1994) and Fed. R. Civ. P. 4(e) which states. To wit:

> (e) **Serving an Individual Within a Judicial District** of the **United States.** Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed-may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made:

Fed. R. Civ. P. 4l(b) authorizes dismissal of an action or of any claim against a defendant "if the plaintiff fails to prosecute or to comply with these rules ...." While it is ordinarily the case, it is not always necessary to show that a defendant was prejudiced by the failure to prosecute in order to obtain relief under Fed. R. Civ. P. 41(b). Dismissals with prejudice have been upheld in actions where defendants were never served. *Caprio* v. *American Airlines, Inc.,* 848 F.Supp. 1528 (Fort Myers Div. 1994) Furthermore, where the delay in service is so long as to signify a failure to prosecute, dismissal with prejudice under Fed. R. Civ. P. 41(b) is permitted. A ruling granting dismissal for failure to prosecute is deemed an adjudication on the merits, barring relitigation. Fed. R. Civ. P. 41(b).

Finally, even if service here were proper, Plaintiff will not be able to maintain his action in this District because he will not be able to establish personal jurisdiction over any of the nonresident directors of Camel Energy Inc. Defendant, Nicholas Swischer is a resident of Nevada, Vernon County, Missouri. The state of Florida has adopted the "corporate shield doctrine" with regard to determining whether personal jurisdiction can be established over the directors of a corporation headquartered in Florida. The corporate shield doctrine draws a distinction between a corporate officer acting on his own and a corporate officer acting on behalf of his corporation. Stomar, Inc. v. Lucky Seven Riverboat C, L. L. C., 821 So. 2d 1183 (Fla. 4th DCA 2002). Under the corporate shield doctrine, any activity in one's capacity as a corporate officer or director is exempted from consideration in support of the exercise of long-arm jurisdiction over said officer or director. Radcliffe v. Gyres, 902 So. 2d 968 (Fla. 4th DCA 2005). Plaintiff has not alleged any acts committed by the individual directors outside of their corporate capacities. As a result Plaintiff will not be

able to establish personal jurisdiction over the nonresident directors who are named as defendants in the above captioned matter and are indispensable parties to this action. Therefore Defendant Delgado or this Defendant will be able to dismiss this action pursuant to FRCP 12(6)(7) for failure to join these indispensable parties if the matter is allowed to continue in this District.

All named defendants are directors of Carmel Energy, Inc. ("Carmel"), a Delaware corporation. Plaintiff alleges no conduct by those directors who are not Florida residents that could subject those directors to personal jurisdiction in the State of Florida.

Under the above provisions, the Complaint should be dismissed with prejudice based on Plaintiffs failure to serve a Summons and copy of the Complaint on Defendants within the 120 day period and plaintiff s failure to timely request an extension of time to serve all defendants, and failure to prosecute the action. Plaintiff, upon information and belief, made no attempt to serve defendants Nicholas Swischer and James Foland who are members of the Missouri Bar and have Regular office hours at addresses listed in all phone books. The plaintiff also made no attempt to serve any other defendant except for Leonardo Delgado within the 120 day time period, or request a timely extension for service on any of the other four (4) defendants in this action. Defendant, Julio San Juan, respectfully requests that this court grant the motion of defendant Julio San Juan, to dismiss Plaintiffs Complaint with prejudice. Should the Court deny the motion Defendant Julio San Juan, reserves his right to FRCP 12(h)(2), to move at a later time to dismiss the Complaint for failure to state a claim, failure to join indispensible parties, and/or for the Court's lack of subject matter jurisdiction.

Dated April 1, 2010.

_____
Julio San Juan
Defendant pro se
2462 S.W. 27th lane
Miami, Florida 33133
Telephone: (305) 860-4785

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2010, I filed the foregoing document with the Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties indentified on the attached Service List.

*[signature]*
Julio San Juan, Pro se

Gregory Charles Ward, Esq.
WardKim LLP
1 Financial Plaza
Suite 2600
Fort Lauderdale, FL 33394
Telephone: (954) 527-1115
Facsimile: (954) 527-1116
e-mail: gward@wardkim.com

Theodore C. Miloch, II
INFANTE, ZUMPANO, HUDSON & MILOCH, LLC
500 South Dixie Highway, Suite 302
Coral Gables, Florida 33146
Telephone: (305) 503-2990
Facsimile: (305) 774-5908
e-mail: Ted.Miloch@izhmlaw.com

Nicholas Swischer
Defendant pro se
110 N. Cedar Street
P.O. Box 565
Nevada, Missouri 64772
Telephone (417) 667-3091
Facsimile: (417) 667-4474
 e-mail: swischerlaw@yahoo.com