UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.  09-23225-CIV-GRAHAM/TORRES

MARKUS HOCHULI, individually and
on behalf of all others similarly situated,

                Plaintiff,

vs.

LEONARDO DELGADO, JAMES W.
FOLAND, NICHOLAS SWISCHER,
ROBERT DAVIS, and JULIO SAN JUAN,

                Defendants.
_____/

### PLAINTIFF'S OPPOSITION TO DEFENDANT JULIO SAN JUAN'S MOTION TO DISMISS COMPLAINT FOR LACK OF PROPER SERVICE AND JURISDICTION

Plaintiff, Markus Hochuli ("Plaintiff"), on behalf of himself and all others similarly situated proposed class members, by and through his undersigned counsel, hereby opposes the Motion to Dismiss the Complaint for Lack of Proper Service and Jurisdiction ("Motion") filed by Defendant, Julio San Juan ("Defendant" or "San Juan").

San Juan is a resident of this District, a director of Carmel Energy, Inc. ("Carmel"), which is headquartered in this District, and an alleged co-conspirator with his fellow Carmel directors in this federal securities fraud class action arising under §10(b) and §20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act").  Plaintiff's claims are rooted in a series of material misrepresentations and omissions that were transmitted to, and disseminated from, this District by San Juan and his co-conspirator defendants in connection with the purchase of Carmel common stock by Plaintiff and the class.  As discussed below, San Juan was properly served, and this Court has jurisdiction over the federal securities claims asserted against him and

his fellow directors.  Defendant San Juan's arguments to the contrary have no merit, and his Motion, therefore, must be denied.

## I.	FACTUAL BACKGROUND

In connection with the sale of Carmel common stock during the Class Period (i.e., December 15, 2007 through August 31, 2008), each of the named Defendants misrepresented and/or omitted numerous material facts concerning the business and prospects of Carmel, as well as the uses of the proceeds to be raised on its behalf.  Complaint, ¶¶18, 24-33.

Each of the Defendants were actively involved in drafting, producing, reviewing and/or disseminating the material false and mislead information at issue in the case, and approved or ratified those statements in violation of federal securities laws.  Complaint, ¶¶7-13.  As directors and controlling persons of a publicly held company having stock registered with the S.E.C. pursuant to the Exchange Act, and governed by the provisions of the federal securities laws, each of the named Defendants had -and violated- duties to disseminate accurate and truthful information concerning Carmel, and to correct previously-issued statements that were or had become materially false or misleading, so that Carmel stock's market price would be based upon truthful and accurate information.  Complaint, ¶¶14-16.  Each of the Defendants is liable as a participant in a fraudulent scheme and course of conduct that operated a fraud and deceit on purchases of Carmel stock.  Complaint, ¶17.

The Complaint sets forth two claims for relief against the Defendants:

(a) violation of §10(b) of the Exchange Act for primary liability arising out of their transmission and issuance of fraudulent information in connection with the purchase and sale of Carmel stock (Complaint, ¶¶39-49), and (b) violation of §20(a) of the Exchange Act for "controlling person" liability for possessing and exercising the power to control and influence

the fraudulent disclosures giving use to the primary violations alleged (Complaint, ¶¶50-53).

## II.     MEMORANDUM OF LAW

A.     **San Juan Was Served In Accordance With This Court's Orders**

This Court entered an Order on March 8, 2010 granting Plaintiff's February 19, 2010 Motion for Extension of Time to Serve Process for and additional 45 days (from February 23 through April 9, 2010) in connection with effectuating service of process on Defendant San Juan and his fellow defendants (other than Defendant Leonardo Delgado who had already been served).  San Juan concedes in his Motion that he was in fact served on March 1, 2010, which was obviously well within time granted by this Court.  Accordingly, San Juan's arguments concerning service of process have no merit, and his Motion for lack of service must be denied.

B.     **This Court Has Personal Jurisdiction Over San Juan Under the Exchange Act**

Carmel maintains its principal place of business in this District, and many of the unlawful acts and practices complained of herein occurred in substantial part in this District.  Complaint, ¶3.  Indeed, Defendant San Juan himself has signed his present Motion as a resident of this District. Thus, although San Juan does not directly argue that this Court lacks jurisdiction over the claims asserted against him, he nonetheless seeks dismissal based upon the erroneous basis that this Court lacks personal jurisdiction over other Defendants. However, as set forth below, San Juan ignores the clear and contrary authority supporting jurisdiction over all Defendants in this action conferred by the federal securities laws.  Therefore, his Motion based upon lack of jurisdiction must also be denied.

§27 of the Exchange Act, 15 U.S.C., §78aa, provides:

> Any criminal proceeding may be brought in the district
> wherein any act or transaction constituting the violation
> occurred.  Any suit or action to enforce any liability or
> duty created by this chapter or rules and regulations
> thereunder, or to enjoin any violation of such chapter

3

>or rules an regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant may be found.

Thus, in a lawsuit such as the present one, the Court has jurisdiction of the defendant "wherever he may be found." When a federal court is sitting in diversity, due process requires that the defendant have some minimum contacts with the forum state in order to confer personal jurisdiction over the defendant. Securities Investor Protection Corp. v. Vigman, 764 F.2d 1309, 1315 (9th Cir. 1985). However, contrary to San Juan's assertions, it is well-established that minimum contacts for personal jurisdiction purposes is not a limitation imposed on federal courts in a federal-question case. Id. Congress can and did provide that the Exchange Act confers nationwide service of process without falling short of due process requirements. See 15 U.S.C. 78aa. Therefore, this Court has personal jurisdiction over each of the defendants herein. Because 15 U.S.C. §78aa provides for nationwide service of process, the statute confers personal jurisdiction over defendants served within the United States. Mariash v. Morrill, 496 F.2d 1138, 1142-43 (2d. Cir. 1974).

Moreover, San Juan and his fellow defendants are alleged to have acted jointly, collectively and in concert together in furtherance of perpetrating the alleged fraudulent scheme, thus further supporting both jurisdiction and venue for the claims asserted against San Juan and each of the other defendants. See, e.g., Keene Corp., v. Weber, 394 F.Supp. 787, 790 (S.D.N.Y. 1975) citing Wyndham Associates v. Bintliff, 398 F.2d 614, 620 (2d Cir.), cert. denied, 393 U.S. 977 (1968); S.E.C. v. National Student Marketing Corp., 360 F.Supp. 284, 291-92 (D.D.C. 1973).

### III.  CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that Defendant San Juan's Motion to Dismiss Complaint for Lack of Proper Service and Jurisdiction should be denied.

Dated:   April 19, 2010                                    Respectfully submitted,

/s/ Gregory C. Ward
Gregory C. Ward, Esquire
Ward Kim, LLLP
One Financial Plaza, Suite 2600
Fort Lauderdale, FL 33394
Telephone:  (954) 527-1115
Facsimile:   (954) 527-1116

Edward David, Esquire
Edward David & Associates, LLC
3 Becker Farm Road
Roseland, NJ 07039
Telephone:  (973) 994-3003
Facsimile:   (9973) 994-4949

### CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

By:   /s/ Gregory C. Ward, P.A.
Gregory C. Ward, P.A.

### SERVICE LIST

Theodore C. Miloch II, Esq.
Infante Zumpano Hudson & Miloch, LLC
500 South Dixie Hwy., Suite 302
Coral Gables, Florida  33146
Telephone: 305-503-2990
Facsimile: 305-774-5908
E-mail: ted.miloch@izhmlaw.com
Counsel for Defendant Leonardo Delgado

5