UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-23225-CIV-GRAHAM/TORRES

MARKUS HOCHULI, individually
and on behalf of all others
similarly situated,

              Plaintiff,

vs.

LEONARDO DELGADO, JAMES FOLAND,
NICHOLAS SWISCHER, ROBERT DAVIS,
and JULIO SAN JUAN,

              Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court upon Defendant Julio San Juan's ("Defendant San Juan") Motion to Dismiss for Lack of Proper Service and Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 12(b)(2) [D.E. 24] (hereinafter "Motion"), following the referral of the case for trial upon the parties' consent [D.E. 17, 18, 21]. Plaintiff Markus Hochuli ("Plaintiff") has filed a Memorandum of Law in Opposition to Defendant's Motion [D.E. 27] (hereinafter "Opposition"). The Court has thoroughly reviewed the motion, response, and the record in this case. For the following reasons, Defendant's Motion is Denied.

## *I. BACKGROUND*

Plaintiff, and those similarly situated, purportedly purchased shares of Carmel Energy, Inc. ("Carmel") pursuant to a subscription agreement. Plaintiff brings this federal class action on behalf of purchasers of Carmel securities between December 15, 2007 and August 21, 2008, seeking remedies under the Securities Exchange Act of 1934 ("Exchange Act") [D.E. 1]. Specifically, Plaintiff asserts claims arising under Section 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the United States Securities and Exchange Commission ("SEC"),17 C.F.R. § 240.10b-5. Plaintiff's complaint alleges claims rooted in a series of material misrepresentations and omissions that were transmitted to, and disseminated from, this District by Defendant San Juan and his co-conspirator defendants, in connection with the purchase of Carmel common stock by Plaintiff and the class.

Carmel is a non-party to this action. All named defendants are directors of Carmel. Carmel is a Delaware corporation with its principal place of business in Miami, Florida. Defendant San Juan, a resident of this District, was a Director and Chief Financial Officer of Carmel during the class period. Defendant San Juan moves for dismissal for insufficient service of process, pursuant to Fed. R. Civ. P. 12(b)(5), and for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2) [D.E. 24].[1] In

---

[1] Defendant Nicholas Schwischer also filed a motion to dismiss for lack of personal jurisdiction on March 23, 2010 [D.E. 23], but this Court denied the motion, without prejudice, on May 31, 2010 [D.E. 31], upon the filing of a Suggestion of Bankruptcy as to Defendant Schwischer [D.E. 30] and the automatic stay currently in place.

response, Plaintiff argues that Defendant San Juan was served in accordance with this Court's Orders and that this Court has personal jurisdiction over Defendant San Juan and all the other named defendants in this action, under the Exchange Act [D.E. 27].

## II. ANALYSIS

### A. *Dismissal for Insufficient Service of Process*

A motion to dismiss under Fed. R. Civ. P. 12(b)(5) is proper where there has been a failure to serve Defendants with a Summons and copy of the Complaint within the time proscribed by law. Fed. R. Civ. P. 4(m) provides a 120-day time limit for service of process. A failure to serve defendants within the established 120-day period may justify dismissal of the action pursuant to Fed. R. Civ. P. 12(b)(5). However, Fed. R. Civ. P. 6(b)(1) provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

On February 19, 2010, before the expiration of the 120-day period established by Fed. R. Civ. P. 4(m), Plaintiff filed a Motion for Extension of Time to Serve Process, pursuant to Fed. R. Civ. P. 6(b)(1), for an additional forty-five (45) days (from February 23 through April 9, 2010) in connection with effectuating service of process on Defendant San Juan and his fellow defendants (other than Defendant Leonardo Delgado who had already been served). On March 8, 2010, the Court entered an Order granting Plaintiff's Motion for Extension of Time to Serve Process for the additional forty-five (45) days requested. In fact, Defendant San Juan conceded in his Motion

that he was served on May 1, 2010, which was well within the time granted by this Court. Accordingly, Defendant's San Juan's arguments concerning insufficient service of process have no merit, and his Motion to Dismiss on this basis is denied.[2]

### B. *Dismissal for Lack of Personal Jurisdiction*

Defendant San Juan does not argue that this Court lacks jurisdiction over the claims asserted against him. Nonetheless, Defendant San Juan seeks dismissal on the basis that this Court lacks personal jurisdiction over the other non-resident defendants in this action, who are also indispensable parties to the action, thus requiring dismissal of the claims against San Juan.

We begin with the well understood principle that lack of personal jurisdiction is a waivable defense. Fed. R. Civ. P. 12(h)(1)(A) provides that a defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived if omitted from a motion in the circumstances described in Fed. R. Civ. P. 12(g). Fed. R. Civ. P. 12(h)(1)(B) further provides that these defenses are also waived if neither made by motion under Fed. R. Civ. P. 12 nor included in a responsive pleading or an amendment made as a matter of course, pursuant to Fed. R. Civ. P. 15(a). Hence, each of the non-resident defendants in this action must ordinarily assert the defense of lack of personal jurisdiction before this Court can consider the merits of such claim; otherwise, this defense is considered waived.

---

[2] On April 22 2010, this Court entered an Order granting Plaintiff's Second Motion for Extension of Time to Serve remaining defendants for an additional sixty-day period [D.E. 29].

And obviously if these parties are ultimately served and submit to the Court's jurisdiction, San Juan's arguments in this motion would be moot. As things now stand, San Juan has no tangible standing in this matter to assert a personal jurisdiction on these defendants' behalf without their participation. As a result, Defendant San Juan's Motion to Dismiss for lack of jurisdiction should be denied.

We recognize, however, that there are very limited circumstances where a defendant may have standing to assert jurisdictional defenses belonging to others. The inability to obtain lawful personal jurisdiction over a truly indispensable party may give rise to one of those unique situations. *See, e.g., Hanson v. Denckla,* 357 U.S. 235, 245 (1958) (defendant in trust action could assert lack of personal jurisdiction over indispensable trustee as a basis for dismissal of action because "any defendant affected by the court's judgment ha[d] that 'direct and substantial personal interest in the outcome' that is necessary to challenge whether that jurisdiction was in fact acquired.") (citation omitted); *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 804 (1985) (citing *Hanson* to confer standing on defendants to challenge court's personal jurisdiction over non-consenting class members).

Here San Juan appears to be making such an argument. The problem, however, is that the record submitted to support the argument is too sparse to provide meaningful review at this point. Questions over the indispensability of parties, as well as minimum contacts for jurisdictional purposes, are often highly fact specific. *See Three Affiliated Tribes of Fort Berthold Indian Reservation v. United States,* 2009 WL 2223040, at *3 (D.D.C. 2009). The record presented with this motion simply does not

allow for any fact specific inquiry at this stage of the case. Moreover, questions over the indispensability of parties are often deferred pending summary judgment or even trial to allow discovery to flush out whether or not the absence of a party requires dismissal under Rule 19. *See, e.g., Raytheon Co. v. Continental Cas. Co.,* 123 F. Supp. 2d 22, 32 (D. Mass 2000); *Mije Assocs. v. Halliburton Svs.,* 552 F. Supp. 418 (S.D.N.Y. 1982).

As a result, we decline to decide this particular question at this point in the litigation. If, as promised, San Juan contends he will be able to satisfy the required showing under Rule 19, he can certainly present that argument on summary judgment. By that point, we will know if in fact these additional defendants are joined as party defendants in the case, if so whether they do or do not consent to jurisdiction in this forum, and if not whether they are indeed indispensable to the present action against San Juan, thereby requiring dismissal of the action.

For now, we find that service of process was timely and proper, that San Juan has no standing at this point to challenge personal jurisdiction over non-joined defendants, and that any arguments over indispensable party defendants shall be adjudicated, if necessary, after discovery in the case has closed.

### *III. CONCLUSION*

Based on the foregoing, the Defendant's Motion to Dismiss Plaintiff Hochuli's Complaint for lack of proper service and for lack of personal jurisdiction is **DENIED.** To the extent not already filed, this Defendant's answer to the complaint must be filed within fourteen (14) days.

**DONE AND ORDERED** in Chambers at Miami, Florida this 4th day of June, 2010.

                                               */s/ Edwin G. Torres*
                                               EDWIN G. TORRES
                                               United States Magistrate Judge

cc: All Counsel of Record