UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-23225-CIV-GRAHAM/TORRES

CONSENT CASE

MARKUS HOCHULI, individually and on
behalf of all others similarly situated

    Plaintiff,

vs.

LEONARDO DELGADO, JAMES FOLAND, NICHOLAS SWISCHER, ROBERT DAVIS, and JULIO SAN JUAN,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE FOURTH AFFIRMATIVE DEFENSE

This matter is before the Court upon Plaintiff Markus Hochuli's ("Plaintiff") Motion to Strike Defendant Julio San Juan's ("Defendant San Juan") Fourth Affirmative Defense, pursuant to Fed. R. Civ. P. 12(f) [D.E. 1]. The Court has thoroughly reviewed the motion and the record. Defendant San Juan has failed to file a response to this motion. Therefore, for the following reasons, Plaintiff's Motion is Granted.

### *I. BACKGROUND*

Plaintiff, and those similarly situated, purportedly purchased shares of Carmel Energy, Inc. ("Carmel") pursuant to a subscription agreement. Plaintiff brings this federal class action on behalf of purchasers of Carmel securities between December 15,

2007 and August, 21, 2008, seeking remedies under the Securities Exchange Act of 1934 ("Exchange Act") [D.E. 1]. Specifically, Plaintiff asserts claims arising under Section 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the United States Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5. Carmel is a non-party to this action. All named Defendants are directors of Carmel, a Delaware corporation with its principal place of business in Miami, Florida.

Plaintiff's claims are rooted in a series of material misrepresentations and omissions that were transmitted to, and disseminated from, this District by Defendant San Juan and his co-conspirator Defendants, in connection with the purchase of Carmel common stock by Plaintiff and the class. Defendant San Juan was a Director of Carmel Energy, Inc. during the class period. In his answer, Defendant San Juan raised an affirmative defense, stating that:

> Plaintiff has failed to join certain indispensable parties to this action, including but not limited to the company, Carmel Energy, Inc., F. Martin McDermott, Joseph A. Lugo, Jr. a/k/a Jose Antonio Lugo, Carolina Menendez Hernandez, Ernst Imfeld, and Peter Lagorio, Esq. (and the other defendants identified in the Complaint should Plaintiff fail to serve all the named Defendants or should the Defendants be dismissed from this action for other reasons) thereby compromising the efficiency, complete relief and protection this Court is able to provide to parties both present and absent from this case. Defendant reserves the right to file an appropriate motion pursuant to Fed. R. Civ. P. 12(c) in support of this defense.[D.E. 41].

Plaintiff responds that because joint and several liability exists under the Exchange Act, Plaintiff can obtain complete relief from Defendant without making

Carmel and others parties to the case.  The Court agrees and will, hence, grant the motion to strike.

## II.  ANALYSIS

Defendant San Juan's failure to respond is in effect a concession as to the motion's merits.  The Court grants this motion by default as per S.D. Fla. Local Rule 7.1.  In addition, looking to the merits, Plaintiff's motion is also granted for the following reasons.

In order to determine whether a party is indispensable, the Court must apply the criteria set forth in  Fed. R. Civ. P. 19(a), which  provides that:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Plaintiff has brought a claim against the Defendants under §§10(b) and 20(a) of the Exchange Act, both of which provide for joint and several liability.  Therefore, because Plaintiff has stated a claim against Defendant San Juan individually, Carmel, Inc. *et. al.* are not necessary parties and should not be joined under Fed. R. Civ. P. 19(a).  *See, e.g.*, *Morgan v. Korbin Securities, Inc.*, 649 F. Supp. 1023 (N.D. Ill. 1986) (holding that joinder is not mandatory under the Securities Exchange Act because it provides for joint and several liability); *see also Dewitt v. Daley*, 336 B.R. 552 (S.D. Fla.

2006) (holding that because the FLSA provides for joint and several liability and plaintiffs have stated a claim against defendant individually, no joinder is necessary); *Ship Const. & Funding Services (USE), Inc. v. Star Cruises PLC*, 174 F. Supp. 2d 1320, 1326 (S.D. Fla. 2001) (holding that complete relief can be accorded among the parties without the joinder of a joint obligee on the contract).

Moreover, the "complete relief" provision of Fed. R. Civ. P. 19(a) does not concern any subsequent relief via contribution or indemnification for which the absent party might later be responsible. *See Morgan Guaranty Trust Co. of New York v. Martin*, 466 F.2d 593 (7th Cir. 1972). Finally, Defendant San Juan does not at all explain how the other parties are indispensable to this action and have any interest in an action by Plaintiff against Defendant San Juan in his individual capacity. Therefore, the Court concludes that Carmel and the others listed are not parties who should be joined under Fed. R. Civ. P. 19(a).

### III.  CONCLUSION

Based on the foregoing, the Plaintiff's Motion to Strike Defendant San Juan's Fourth Affirmative Defense is **GRANTED.**

**DONE AND ORDERED** in Chambers at Miami, Florida this 8th day of March, 2011.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge